## L. B. PRICE MERC. CO. et al. v. JONES.

No. 27503.    Oct. 19, 1937.

Rehearing Denied Dec. 7, 1937.

Coffey & Coffey, for plaintiff in error.

H. J. Mackey, for defendant in error.

CORN, J.    This action was commenced in the court of common pleas of Oklahoma county by Mary E. Jones, widow of Edward C. Jones, deceased, against the L. B. Price Mercantile Company, a foreign corporation, trustee, for the recovery of certain trust funds received by said trustee under the provisions of an insurance policy on the life of said deceased. The amount so received by said trustee was the sum of $500, and after disbursing $158 for funeral expenses and doctor's bill and paying the widow of deceased the sum of $75, there remained in the hands of said trustee the sum of $267, the amount sued for. At the close of the evidence the court, on motion of plaintiff, directed the verdict in favor of the plaintiff, and the defendant appealed. The parties will be referred to herein in the order of their appearance in the trial court.

The trust provision of the policy is as follows:

"Any sum payable by the Aetna Life Insurance Company as a death claim shall be payable to the L. B. Price Mercantile Company as trustee, to be paid by said trustee to, or applied by said trustee for the benefit of, the wife, husband, child or children, father, mother, brother, sister or other relative or the estate of the insured or any one or more or all of them, in such manner as the trustee shall determine, the trustee not to be liable to any person or persons in the above class for any payment made by it in good faith and believed by it to be within the limits above specified."

The defendant complains that the court erred in overruling its demurrer to the amended petition, said demurrer being grounded upon the theory that there is no privity of contract between plaintiff and defendant; that plaintiff has no vested interest in the subject matter of the action and is not a real party in interest and has no legal right to maintain the action.

It is apparent from the context of the foregoing provision of the policy that it was the intent of the insured that the persons or class of persons named should be entitled to the benefits of the policy in the order named therein. Any other construction would be contrary to logic and reason. The language of the provision is necessarily broad enough to cover any possible situation that might exist at the time of the payment of the benefits with reference to the person or persons entitled thereto, and

360

the trustee is protected if he acts in good faith in determining the person or persons entitled to such benefits and applies the funds accordingly. This contention is without merit.

Next the defendant contends that the court erred in excluding testimony offered by defendant to show the understanding between the L. B. Price Mercantile Company and its employees with reference to the purpose for which the company procured the insurance for its employees.

The defendant offered to show that the understanding between the company and its employees was that the purpose of the policy was to protect the company against any indebtedness or shortage of the employee to the company.

Where the terms of a contract are reduced to writing and the same are clear, explicit, and unambiguous, the contract must be permitted to speak for itself, and the same cannot be, by the court, at the instance of one of the parties, altered or contradicted by parol evidence, unless in case of fraud, accident, or mutual mistake. This court has so held in numerous cases.

We have examined the insurance policy and find no language therein that can be construed to mean that the purpose of the policy was to protect the company against any indebtedness of employee, and in the absence of a plain and specific provision to that effect, the appropriation of any of the trust funds to its own use and benefit for any purpose whatever would be inconsistent with the trust, and the trustee could not be accredited with good faith in making such application of the trust funds. The evidence so offered by the defendant was properly excluded by the court.

The defendant also contends that the court erred in instructing a verdict for the plaintiff when it should have instructed a verdict for the defendant. This contention is disposed of in our ruling on the foregoing propositions and requires no further discussion.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur. RILEY, WELCH, and DAVISON, JJ., absent.